### THE PARMA DEMOCRATIC CLUB v DEMOCRATIC CLUB OF PARMA, Inc.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16174. Decided Jan 20, 1939

George P. Ulcigan, Cleveland, for appellee.

J. W. Wursthorn, for appellant.

(Judges of the Ninth District, sitting by designation).

### OPINION

PER CURIAM:

Plaintiff (appellee), The Parma Democratic Club, brought this action in the Common Pleas Court against defendant (appellant), Democratic Club of Parma, Inc., to enjoin the latter from conducting its affairs in said name.

The trial court granted the injunction. The case is here as an appeal on questions of law and fact.

Both plaintiff and defendant are organized as corporations not for profit under the laws of Ohio, the plaintiff having been incorporated on April 14, 1928, and the defendant on November 19, 1936, and the case therefore is not one of an unincorporated association seeking to deprive an incorporated one from the use of a name given to it by the act of incorporation.

Sec. 8623-98, GC, provides, in reference to corporations of this character, that "No name may be used which shall be likely to mislead the public." Clearly, the names of the two corporations are so alike as to mislead the public, and we hold that the plaintiff, having

been first authorized by law to use its name, and having used the same for eight years before the organization of the defendant company, the plaintiff has a right to prevent the defendant from using a name so misleading to the public and in violation of said statute.

Plaintiff's remedy by quo warranto is not an exclusive remedy, resting, as it does, for its employment in the discretion of public agencies having no special interest in the issues involved in the controversy, and therefore not being an adequate remedy at law.

Sec. 12342, GC.

Toledo Trac., L. & P. Co. v Smith, 205 Fed. 643.

**Dworken v Apartment House Owners Assn., 38 Oh Ap 265.**

The case of Paulino v Portugese Beneficial Assn., 18 R. I. 165, is not in conflict with the holding in this case.

The prayer of the petition of plaintiff is therefore granted. Defendant to pay the costs in the Common Pleas Court and in this court.

STEVENS, PJ, WASHBURN, J. and DOYLE, J, concur.